UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Midland National Life Insurance Company, | Case No. 2:25-cv-00326-CDS-DJA |
| Plaintiff | **Order Granting Defendant McVicar's Motion for Default Judgment** |
| v. | |
| David Foley, et al., | [ECF No. 13] |
| Defendants | |

This is an interpleader action filed by Midland National Life Insurance Company against defendants David Foley, as the Executor of the Estate of Ricky Foley, and Martin McVicar. *See* Compl., ECF No. 1. Defendant Martin McVicar filed a motion for default judgment against co-defendant David Foley. Mot. for default, ECF No. 13. To date, no opposition has been filed, and the time to do so has long passed. Because the motion complies with Federal Rule of Civil Procedure 55 and is unopposed, I grant the motion.

**I.      Discussion**

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > (2) By the Court. In all other cases, the party must apply to the court for a default judgment.

Fed. R. Civ. P. 55(a)–(b). As the Ninth Circuit has clarified, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Symantec Corp. v. Glob. Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and 55(b) provide a two-step process for obtaining a default judgment); *Cramer v. Target Corp.*, 2010 WL 2898996, at *1 (E.D. Cal. July 22, 2010) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment."). While its plaintiffs who usually move for entry of default judgment, courts recognize the right of a defendant in an interpleader action to obtain a default judgment. *See Thrivent Fin. for Lutherans v. Bloomquist*, 2018 WL 3312979, at *2 (D. Nev. July 3, 2018) (citing *Sun Life Assur. Co. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220 (D.R.I. 2006)).

Here, McVicar has satisfied both steps under Rule 55. First, McVicar moved for the entry of default against defendant David Foley on April 27, 2025. Mot. clerk default, ECF No. 11. The Clerk of Court entered default on May 12, 2025. Default, ECF No. 12. Second, McVicar moved for default judgment against Foley on May 13, 2025. Mot., ECF No. 13.

Upon entry of default, I take as true the factual allegations in the non-defaulting party's complaint, except those related to the amount of damages. Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The allegations in the complaint are as follows. Midland National Life Insurance filed an interpleader complaint[1] against David Foley, the Executor of the Estate of Ricky Foley, a citizen and domiciliary of Nevada, and Martin McVicar, a citizen and domiciliary in Michigan, related to a 2022 annuity contract that included a death benefit. *See* ECF No. 1 at 2, ¶¶ 5–6. Ricky Foley was the listed annuitant on the contract, with McVicar listed as the primary beneficiary. *Id.* at ¶ 14. Ricky Foley passed away on December 1, 2023. *Id.* In a January 2024 letter, David Foley submitted a letter to Midland accusing McVicar of financially exploiting Ricky Foley. *See id.* at ¶ 16–17. That same letter advised Midland that he was submitting a claim for the payment under the death penalty. *Id.* at ¶ 18. Because there were

---

[1] Interpleader is intended to "protect stakeholders from multiple liability as well as the expense of multiple litigation." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000).

competing, adverse claims to Ricky Foley's death benefits, and because Midland is unable to fully determine which party has the legal rights to the proceeds, it brought this interpleader action to remove itself from the position of being "an innocent stakeholder faced with the possibility of multiple liability on a single obligation as well as incidental costs." *Id.* at 4, ¶¶ 21–22.

As set forth in the complaint, Midland, as a disinterested stakeholder with conceded liability, sought permission to deposit the disputed death benefit funds with the court and to be discharged from liability.[2] *Id.* at ¶ 25. On October 9, 2025, Midland deposited the disputed funds with the court. ECF No. 28. And on October 28, 2025, pursuant to a joint stipulation, Midland was discharged from this action. *See* ECF No. 29.

Based on those allegations, McVicar seeks default against his co-defendant, arguing that the factors enumerated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), weigh heavily in favor of granting default. *See* ECF No. 13 at 3.

### A. Factor one: prejudice to McVicar

McVicar argues that without default, he is prejudiced from receiving payment under the annuity where he is listed as the primary beneficiary. ECF No. 13 at 3–4. I agree. While David Foley, as Executor of Ricky Foley's estate, contested paying out the annuity to McVicar with Midland, he has failed to defend against this action to resolve that dispute. Without default, McVicar will be prejudiced if default judgment is not entered in his favor because he has no other way to litigate his claim. *See Western Reserve Life Assur. Co. of Ohio v. Canul*, 2012 WL 844589, at *2 (E.D. Cal. Mar. 12, 2012) (finding that the plaintiff "would be prejudiced if a default judgment is not granted" because the plaintiff "has no other alternative by which to evaluate [d]efendant's claim to the life insurance policy"). Thus, this factor weighs in McVicar's favor.

---

[2] Midland also sought fees and costs, *see* ECF No. 1 at 5, but have since been dismissed so this request is moot, ECF No. 29.

**B. Factors two and three: the merits of the claims and sufficiency of the complaint.**

The second and third *Eitel* factors look at (1) the merits of a plaintiff's substantive claims and (2) the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471. These two factors require that a plaintiff "state a claim on which [it] may recover." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citation modified). Although the complaint was filed by Midland and seeks relief on behalf of Midland, I nonetheless evaluate if it sufficiently states a claim for relief. I find that it does. It establishes a dispute over the annuity funds. Without resolving that dispute, the funds cannot be disbursed. *See Am. Gen. Life Ins. Co. v. Durbin*, 2016 WL 3583826, at *3 (C.D. Cal. June 10, 2016). So both factors two and three also weigh in favor of granting default judgment.

**C. Factor four: the amount of money at stake**

Under the fourth factor, the court considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. However, in an interpleader action, this factor is usually neutral because the plaintiff is not asserting an interest in the interpleaded funds but is rather seeking relief to divest itself of any such interest. *See Transamerica Life Ins. Co. v. Estate of Ward*, 2011 WL 5241257, at *4 (E.D. Cal. Oct. 31, 2011) (finding the nearly $400,000 at stake "a significant sum of money" but nonetheless finding the fourth *Eitel* factor neutral where "[the plaintiff] is not asserting an interest in those funds and . . . seeks to resolve the conflicting claims to the interplead funds and ensure that the funds are released to the proper party so that no outstanding claims thereto remain"). This case is no different. The plaintiff has not asserted an interest in the funds, and indeed, the funds were deposited with the court. So this factor is neutral.

**D. Factor five: the possibility of a dispute concerning material facts**

The fifth *Eitel* factor weighs the possibility of a dispute regarding facts material to the case. *PepsiCo.*, 238 F. Supp. 2d at 1177. As noted above, "[u]pon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." *Id.* (citation omitted).

Here, Midland sufficiently pleaded a dispute of funds between the defendants, so there is no factual dispute that would preclude entry of judgment. Thus, the fifth factor weighs in favor of granting McVicar's motion.

### E.   Factor six: the possibility of excusable neglect

"The sixth *Eitel* factor considers whether the defendant's default may have been the product of excusable neglect." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). This factor favors default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit. *See id.* Defendant David Foley was served. *See* Proof of serv., ECF No. 5. Yet, as already noted, he has failed to defend against this action. Thus, there is no evidence before me suggesting that David Foley's failure to respond is due to excusable neglect. Accordingly, this factor also weighs in favor of granting McVicar's motion. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (holding that it was "perfectly appropriate" for the district court to enter default judgment against a defendant that failed to appear in the action).

### F.   Factor seven: the policy of resolving cases on their merits

The seventh *Eitel* factor considers the policy favoring a decision on the merits. "Cases should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Although "[c]ases should be decided upon their merits whenever reasonably possible," *id.*, "Rule 55(a) allows a court to decide a case before the merits are heard if [a] defendant fails to appear and defend." *Landstar Ranger*, 725 F. Supp. 2d at 922. Thus, while this final *Eitel* factor always weighs against an entry of default judgment, it does not preclude me from entering one. While a decision on the merits is desirable, where a defendant fails to appear and respond, default judgment is appropriate. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). So, this factor also weighs in favor of entering default judgment.

Almost all *Eitel* factors weigh in favor of the entry of default judgment as to defendant David Foley, as Executor of the Estate of Ricky Foley. Accordingly, McVicar's motion for default judgment is granted.

As a result of David Foley's default, McVicar is entitled to the disputed funds. *See, e.g., W. Conf. of Teamsters Pension Plan v. Jennings*, 2011 WL 2609858, at *1 (N.D. Cal. June 6, 2011), ("Due to entry of default judgment against [the defaulting defendant, the answering defendant] is entitled to the interpleaded funds."); *see also Nationwide Mutual Life Ins. Co. v. Eason*, 736 F.2d 130, 133 n. 4 (4th Cir. 1984) ("Clearly, if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund.").

## II.      Conclusion

IT IS THEREFORE ORDERED that McVicar's motion for default judgment [ECF No. 13] is GRANTED.

McVicar's motion for entry of final judgment and for an order of interpleader disbursement of the funds is due by March 10, 2026.

Dated: February 13, 2026

_____
Cristina D. Silva
United States District Judge